UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

YUNIOR SAIZ-GARCIA,

                           Petitioner,

v.                                                          No.  6:26-CV-00211-H

WARDEN, EDEN DETENTION
FACILITY,

                           Respondent.

## ORDER

On May 13, 2026, Yurisbel Aguila Almanza filed a 28 U.S.C. § 2241 petition for writ of habeas corpus as next friend on behalf of her brother-in-law, Yunior Saiz-Garcia, challenging his immigration detention in the Eden Detention Center (EDC).  Dkt. No. 1.  When the case was opened, the Clerk sent Almanza a copy of the Court's notice and instructions to pro se parties, which, among other things, warns parties that their case may be dismissed if they do not promptly file a written notice of any address changes.  Dkt. No. 5.

On May 14, the Court entered a notice and deficiency order in which it determined that Almanza was not authorized to file the petition on behalf of Saiz-Garcia and removed her as a named party to this action.  Dkt. No. 6.  Additionally, the Court instructed Saiz-Garcia that, if he intends to pursue habeas relief on his own behalf or with the assistance of a licensed attorney, he must file an amended petition on the proper form within 30 days, or risk dismissal of this action without prejudice for want of prosecution, without further notice.  *Id.*  The Clerk mailed a copy of the Court's May 14 order, the original petition and supporting documents, and a blank copy of the proper petition form to Saiz-Garcia at EDC.  *Id.*  The Clerk also mailed a courtesy copy of the Court's May 14 order to Almanza.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

Although the deadline for Saiz-Garcia to comply with the Court's May 14 order has not expired, the order and documents that the Clerk mailed to him were recently returned as undeliverable. Dkt. No. 7. The return envelope indicates that Saiz-Garcia is no longer detained at EDC and is marked "return to sender," "not here," and "unable to forward." *Id.* To date, Saiz-Garcia has not updated his mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14. Because Saiz-Garcia's address is unknown, this case cannot proceed.

Under these circumstances, the Court finds that this habeas action must be dismissed without prejudice for failure to prosecute. In the event Saiz-Garcia has been transferred to another facility and intends to challenge his immigration detention there, he is free to file a Section 2241 habeas petition in the appropriate district and division if he desires. The Court expresses no opinion on the merits of any claims he may choose to raise.

So ordered.

Judgment will be entered accordingly.

Dated June 15, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge